BERNIE ADKINS *v.* PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY *et al.*

(No. 8674)

Submitted February 16, 1938. Decided March 15, 1938.

.

*Charles L. Estep,* for plaintiff in error.

MAXWELL, PRESIDENT:

In this action, based on a life, health and accident insurance policy, the plaintiff obtained a verdict and judgment for $117.00. Writ of error was awarded the defendants—the insurance company and its sureties on appeal bond from the justice's court to the circuit court.

The bottom question is the application to the facts of a liability exemption which reads: "The Policy does not cover disability * * * arising from the intentional act of any other person * * *." The insured contends he was accidentally injured and therefore the exemption is inapplicable. The insurer takes the position that the plaintiff was injured by the intentional act of another person, and consequently, because of the exemption, there is no liability under the policy.

Plaintiff's injury resulted from a blow (possibly two blows) inflicted on him by Steve Ratti in the nighttime at a small mining town in Logan County. The evidence warranted the jury in believing that the plaintiff was not intoxicated, though he admits he had drunk a little beer that evening. Ratti and others, present at or nearby a place where beer was sold, were intoxicated and Ratti had been engaged in fighting with one or more persons that evening or early nighttime. He and the plaintiff were unacquainted.

Two disinterested witnesses and Ratti testified in behalf of the plaintiff. The insurance company offered no evidence, but challenges the sufficiency of the plaintiff's evidence to sustain the verdict, under the liability ex-

emption.  The plaintiff and the two witnesses besides Ratti testified that as the plaintiff stood outdoors, engaged in conversation with other parties, Ratti approached the plaintiff and immediately struck him, no words having passed between them.  The plaintiff fell, unconscious, seriously injured by the onslaught.

On direct examination, Ratti testified that he did not intend to strike the plaintiff.  On cross-examination, he confused his story somewhat by stating that he and the plaintiff were quarreling before the blow was struck. Notwithstanding this confusion, the whole evidence clearly warrants the deduction that Ratti's attack on the plaintiff was the result of the assailant's belief that he was striking another man.  It was a simple case of mistaken identity.

Though the injury was not inflicted on the person whom Ratti intended to strike, it is nevertheless obvious that his striking the blow or blows was an intentional act on his part.  This wilful conduct of the assailant places the case within the proviso of the policy that there can be no recovery for injury to the insured which arose "from the intentional act of any other person * * *."

Herein, the liability exception is more comprehensive than the exception in the case of *Harper* v. *Jefferson Standard Life Insurance Company,* 119 W. Va. 721, 196 S. E. 12, decided concurrently with this case.  The policy involved in that case exempted the insurer from liability for "injury inflicted by the insured himself or intentionally by another person."  With implied words supplied, the quoted language means that *the insurer shall not be liable for injury inflicted by the insured, or for injury intentionally inflicted on the insured by another person.*  As demonstrated in the opinion by Judge Fox, the facts did not warrant a deduction of mistake of identity by the assailant who shot to death the insured.  The insurer's defense of nonliability was upheld because the man who fired the shot which killed the insured intended to kill the human being at whom the revolver was pointed.  If that case had disclosed mistaken identity, there would have been

involved a definite intent to kill a person other than the insured. It would not then have appeared that the injury was intentionally inflicted *on the insured,* within the exception in the policy.

Under a liability exemption such as is presented in the policy in suit, there is no liability where injury has arisen from *the intentional act of any other person,* regardless of mistaken identity. The wording is clear and unequivocal. There is no room for application of rules of interpretation which are available when there is uncertainty in the language employed.

For the reasons set forth, we reverse the judgment of the trial court, set aside the verdict, and remand the case.

*Reversed and remanded.*